**UNITED STATES of America,**
**Appellee,**

v.

**Jerome A. VINES, Appellant.**

**No. 03–3001.**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: Oct. 28, 2003.

Rehearing and Rehearing En Banc
Denied Dec. 23, 2003.

John Robert Fisher, Thomas J. Tourish, Jr., Assistant U.S. Attorney, Jessie Kong Liu, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Thomas J. Saunders, Law Office of Thomas J. Saunders, Baltimore, MD, for Defendant–Appellant.

Before GINSBURG, Chief Judge, EDWARDS, Circuit Judge, and WILLIAMS, Senior Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

ORDERED AND ADJUDGED that the judgment of the District Court be affirmed.

Appellant was convicted on counts of unlawful possession of a firearm and ammunition by a felon, 18 U.S.C. § 922(g)(1), assault with a dangerous weapon, D.C. CODE § 22–502, possession of a firearm

during the commission of a crime of violence or dangerous offense, D.C. Code § 22–3204(b), and threatening to injure or physically damage. D.C. Code § 22–2307. He asserts two grounds for appeal.

■ First, appellant argues that the District Court erred by giving a coercive supplemental jury instruction after the jury requested the dismissal of a disruptive juror. This objection appears to have been waived. Defense counsel objected to the giving of any instruction at trial; however, appellant's argument on appeal challenges the *content* of the disputed instruction, not the giving of an instruction. Any challenge to the content of the supplemental instruction was clearly abandoned at trial, because defense counsel expressly disclaimed any disagreement with the District Court's chosen language. *See* Trial Tr. at 505 (Feb. 25, 2002). Such acquiescence waives the objection. *See United States v. Sutton*, 801 F.2d 1346, 1367 (D.C.Cir.1986).

■ Even if the objection was not clearly waived, the alleged error was not properly preserved and thus we review only for plain error. *See United States v. Breedlove*, 204 F.3d 267, 270 (D.C.Cir.2000). Deviation in the instruction from the language we approved in *United States v. Thomas*, 449 F.2d 1177, 1187 (D.C.Cir. 1971), would be error, regardless of whether or not the jury had actually reached a deadlock. Although it is debatable whether the District Court's supplemental instruction materially failed to conform to the *Thomas* language, we will assume, *arguendo*, that the instruction was error. Nevertheless, appellant fails to meet his burden under *Johnson v. United States*, 520 U.S. 461, 466–70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), and *United States v. Olano*, 507 U.S. 725, 732–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), of demonstrating an actual prejudicial effect on the verdict. On this record, we find no plain error.

■ Second, appellant seeks a new trial on the ground that the prosecutor expressed a personal belief as to appellant's guilt during rebuttal argument. *See* Trial Tr. at 446 (Feb. 21, 2002). This argument is without merit. The prosecutor's statement on summation was not improper and did not prejudice appellant. *See, e.g., United States v. North*, 910 F.2d 843, 894–98 (D.C.Cir.1990). Furthermore, when defense counsel objected to the summation, the District Court admonished the prosecutor who then turned to a different line of argument. *See* Trial Tr. at 446 (Feb. 21, 2002). Thus, if there was even a hint of error, the District Court quickly quashed it.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.